# JOSÉ RIBAS Y ALBANELL, Plff.,

*v.*

# RAMON VALDES Y COBIAN ET AL., Dfts.

San Juan, Law, No. 1061.

ON AN INSTRUCTION TO FIND FOR THE DEFENDANTS.

Direction of Verdict—Refusal of Jury to Sign It a Contempt of Court.
     A jury which refuses to sign a directed verdict may be punished
as for a contempt of court.

Opinion filed May 24, 1916.

The Foreman: Your Honor, the jury are not unanimous in their desires to sign this verdict, and they have come into court to ask whether it is obligatory on their part to sign it.

HAMILTON, Judge, delivered the following opinion:

It is not only obligatory on the jury to return the verdict directed by the court, but it is more than that. It would be a contempt of court if they did not. Of course you understand I state that simply as an abstract point of law in answer to your question.

The point is this: In the evolution of courts, the law has become distinct as to the duties of the court and the duties of the jury. I trust you all appreciate that I will never take anything that does not belong to the court, but to the extent of what does so belong I have to go. And it is the same way with yourselves.

You would not want to infringe upon the duties of the court, any more than the court would upon the duties of the jury. So, when the court instructs you to do so and so, there is nothing left for you but to do it, and very unpleasant results would be likely to follow in case you did not. No one wishes or contemplates any such result. "When a peremptory instruction is given, the jury may be compelled over their protest to return a verdict in accordance therewith. And the refusal of a juror to obey the court's instruction subjects him and those who encourage him to punishment for contempt. The court may, in case of the jury's refusal, direct the entry of a verdict without their assent, and its action, although technically irregular, will not be cause for reversal where no injury has resulted to defendant. A verdict of eleven jurors, if given by direction of the court, will be accepted." 38 Cyc. 1589.

If the court commits an error of any kind in a case, it is subject to review on appeal. It is not an arbitrary act of one judge. So that between judge and jury there is no question about the respective duties.